Citation Nr: 1706022 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 06-23 385 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Hartford, Connecticut


THE ISSUE

Entitlement to service connection for a left shoulder disorder, to include as secondary to the service-connected pulmonary tuberculosis. 


REPRESENTATION

Appellant represented by: Connecticut Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

K. L. Wallin, Counsel


INTRODUCTION

The Veteran had active service from June 1972 to February 1976. This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2010 decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Hartford, Connecticut.


REMAND

In December 2015, the Board undertook additional development with respect to the claim on appeal. In pertinent part, after finding the November 2013 VA opinion inadequate, an addendum opinion was sought from the same examiner to determine whether any previously or currently diagnosed left shoulder disorder was related to the Veteran's active military service, or due to or aggravated by the Veteran's service-connected pulmonary tuberculosis disorder. The examiner was also directed to state whether any left shoulder disorder was merely a symptom of another disorder and not a separate and distinct disorder. In rendering the opinion, examiner was to comment on specified service treatment records dated in October and November 1974. The opinion was rendered in March 2016. The RO in reviewing the March 2016 VA opinion determined there was not complete compliance with the directives of the Board's remand and subsequently obtained two addendum opinions in May 2016.

The Board finds the March 24, 2016, May 20, 2016, and May 24, 2016, opinions are conflicting, especially the two May opinions,) and confusing in nature and thus, rendering them inadequate for the purpose of determining service connection at this juncture. When VA undertakes to either provide an examination or to obtain an opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). Notably, the March 24, 2016, states:

I have reviewed the conflicting medical evidence and am providing the following opinion: As stated in previous opinion, left side pain is in chest wall is at least as likely related to "pleurisy" related to [service-connected] pleural scarring [status post] pleural disease (TB), reviewed [service treatment records] from October 1974 that shows the Veteran underwent a biopsy of the left pleura showing TB. The left chest wall pain that is at least as likely related to "pleurisy", is less likely related to left shoulder pain which was stated to radiate from neck and is most likely radicular or musculoskeletal in nature. 

The May 20, 2016, opinion states:

[l]eft shoulder symptoms is less likely related to left ribcage/chest wall (pleuritic symptoms) [symptoms], since pleuritic pain originates and is in chest wall itself and there is a lack of evidence from the medical community that pleuritic pain can affect the shoulder or is related to shoulder [symptoms], the left shoulder [symptoms] are less likely than not related to pleuritic pain/ left chest wall pain that is at least as likely related to left chest wall biopsy for [service-connected] TB with residual scarring of pleura as noted in [service treatment records] from October 1974 where Veteran [complained of] left upper ribcage (i.e. chest wall) pain.

The May 24, 2016, addendum opinion states:

Shoulder [symptoms] are less likely related to left pleuritic chest wall pain at least as likely related to biopsy/thoracentesis for pleural TB October 1974 and [complaints of] of pain in left upper in October and November 1974 noted in [service treatment records] at least as likely related to pleural TB."


Consequently, a remand is warranted in order to clarify and reconcile the opinions. Nieves-Rodriguez, 22 Vet. App. 295, 301(2008) (noting that "[i]t is the factually accurate, fully articulated, sound reasoning for the conclusion . . . that contributes probative value to a medical opinion"). 

Accordingly, the case is remanded for the following action:

1. An addendum opinion must be sought from the VA examiner who rendered the March 24, 2016, the May 20, 2016, and the May 24, 2016, VA opinions. If the examiner is unavailable, an appropriate VA examiner must be directed to provide the supplemental finding to the March 2016 and May 2016 VA opinions. 

The examiner must reconcile the March 24, 2016, May 20, 2016, and May 24, 2016, VA opinions. Specifically, the examiner must answer each subpart and state: 

(a) Whether the Veteran currently has or previously had a left shoulder disorder. If the VA examiner determines another examination is necessary to provide this finding, an examination must be scheduled prior to rendering any further opinion.

(b) If the Veteran has a currently or previously had a diagnosed left shoulder disorder, the examiner must state whether it is related to (i) the biopsy/thoracentesis for pleural tuberculosis in October 1974; and/or (ii) complaints of left upper ribcage pain noted in October 1974 and November 1974; or (iii) another injury or disease during the Veteran's active military service; or (iv) is due to or aggravated by the service-connected pleural tuberculosis.

(c) Whether the current complaints of left pleuritic chest wall pain a symptom/residual of the service-connected pleural tuberculosis or a symptom of any currently or previously diagnosed left shoulder disorder. 

A complete rationale for all opinions must be provided. If the examiner cannot provide a requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation. The examiner must indicate whether there was any further need for information or testing necessary to make a determination. Additionally, the examiner must indicate whether any opinion could not be rendered due to limitations of knowledge in the medical community at large and not those of the particular examiner.

2. The medical report must be reviewed to ensure that it is in complete compliance with the directives of this remand. If the report is deficient in any manner, the RO must implement corrective procedures. 

3. After completing the above actions, and any other development as may be indicated by any response received as a consequence of the actions taken in the paragraphs above, the claim must be readjudicated. If any benefit remains denied, a supplemental statement of the case must be provided to the Veteran and his representative. After the Veteran and his representative have had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

No action is required by the Veteran until he receives further notice; however, he 

may present additional evidence or argument while the case is in remand status at the RO. Kutscherousky v. West, 12 Vet. App. 369 (1999).



_________________________________________________
JOY A. MCDONALD
Veterans Law Judge, Board of Veterans' Appeals


Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).